IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **Kia Laday,** § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **Gary Roderick II and Patriot** § <br> **Construction and Industrial, LLC,** § <br> **Defendants.** § | No: 1:22-cv-261 |

### Plaintiffs' Original Complaint

Plaintiff, Kia Laday, files her Original Complaint complaining of Gary Roderick II and Patriot Construction and Industrial, LLC (collectively, "Defendants"), and in support thereof would show as follows:

### Jurisdiction

1. This Court has jurisdiction under U.S.C. § 1332 because there is complete diversity amongst the parties and the amount in controversy exceeds the sum or value of $75,000.00.

2. Plaintiff seeks recovery of damages within the jurisdictional limits of this Court.

### Parties

3. Plaintiff Kia Laday is an individual residing in Jefferson County, Texas.

4. Defendant Gary Roderick II is an individual residing in Jefferson Davis County, Louisiana and may be served with citation at 1310 Edgewood Road, Jennings, Louisiana 40546.

5. Defendant Patriot Construction and Industrial, LLC is a corporation incorporated under the laws of Louisiana and having a principal office at 1026 Toby Mouton,

1

Duson, Louisiana 70529, and is licensed to do business in Texas, and can be served through its registered agent for accepting service, Ben Leblanc, 1026 Toby Mouton, Duson, Louisiana 70529.

## Factual Background

6. On or about September 3, 2020, Defendant Roderick II, driving a truck owned by Patriot Construction and Industrial, LLC, was traveling westbound on Interstate 10 near Milepost 73 in Acadia Parish, LA. At the same time, Kia Laday was a passenger in a vehicle traveling on the same stretch of roadway when suddenly and without warning, she was struck by the Patriot Construction and Industrial, LLC truck, which had come into her lane and crashed into the back of her vehicle. Kia Laday sustained severe personal injuries and damages as a result of the collision.

7. At all pertinent times, Defendant Roderick II was in the course and scope of his employment with Patriot Construction and Industrial, LLC.

## Negligence

8. Defendant Roderick II is liable for Plaintiff's injuries and damages because of numerous negligent acts and omissions; including, but not limited to the following:

   8.1. In failing to maintain a proper lookout;

   8.2. In failing to make proper application of the brakes of his vehicle;

   8.3. In failing to make timely application of the brakes of his vehicle;

   8.4. In failing to bring his vehicle to a stop before it collided with the vehicle Kia Laday was a passenger;

    8.5.    In failing to turn the vehicle to avoid a collision;

    8.6.    In operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

    8.7.    In being inattentive and failing to maintain proper control of his vehicle;

    8.8.    In operating his vehicle in a reckless manner;

    8.9.    In failing to obey applicable traffic and safety rules, and

    8.10.    Various other acts of negligence and negligence per se to be specified at the time of trial.

9. Defendant Patriot Construction and Industrial, LLC was also directly negligent and negligent *per se* in the entrustment of its vehicle to Gary Roderick II.

10. At the time of the collision in question, Defendant Patriot Construction and Industrial, LLC was the owner of the commercial vehicle driven by the operator, Gary Roderick II. Defendant Patriot Construction and Industrial, LLC entrusted said vehicle to Defendant Gary Roderick II for the purpose of operating it on the public streets and highways, and Defendant Gary Roderick II operated said vehicle with the knowledge, consent, and permission of Defendant Patriot Construction and Industrial, LLC.

11. Upon information and belief, at all times material, Defendant Gary Roderick II was incompetent and unfit to safely operate the motor vehicle and Defendant Patriot Construction and Industrial, LLC knew, or in the exercise of due care should have known, that Gary Roderick II was an incompetent and unfit driver

and would create an unreasonable risk of danger to persons or property on the public streets and highways.

12. Such entrustment constitutes negligence and negligence *per se* which was a proximate cause of Kia Laday's injuries and damages. Therefore, Kia Laday brings this action under general negligence and under negligent entrustment theories.

13. Defendant Patriot Construction and Industrial, LLC is also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct, and supervise Defendant Gary Roderick II.

14. Upon information and belief, Defendant Patriot Construction and Industrial, LLC failed to act as a reasonably prudent employer in its hiring practices. Specifically upon information and belief, Defendant Patriot Construction and Industrial, LLC hired Defendant Roderick II despite evidence of Roderick II's incompetence in his driving record and employment history.

15. Upon information and belief, Defendant Patriot Construction and Industrial, LLC failed to provide the proper training and instruction to Defendant Gary Roderick II, which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit.

16. Upon information and belief, Defendant Patriot Construction and Industrial, LLC failed to institute corrective actions to known incompetencies and safety rule violations throughout the tenure of Defendant Roderick II's employment.

17. Upon information and belief, Defendant Patriot Construction and Industrial, LLC negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and Kia Laday's resulting injuries and damages.

18. Each of these acts and omissions, singularly, or in combination with others, constitutes negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## Gross Negligence

19. Incorporating by reference the above paragraphs, Kia Laday alleges that all acts, conduct, and/or omissions on the part of Defendant Roderick II constitutes gross negligence. Defendant Roderick II's wanton and reckless disregard for the safety of Ms. Laday, which proximately caused her resulting injuries and damages includes, but is not limited to, the following:

    19.1. In failing to maintain a proper lookout;

    19.2. In failing to make proper application of the brakes of his vehicle;

    19.3. In failing to make timely application of the brakes of his vehicle;

    19.4. In failing to bring his vehicle to a stop before it collided with the vehicle Kia Laday was a passenger;

    19.5. In failing to turn the vehicle to avoid a collision;

    19.6. In operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

    19.7. In being inattentive and failing to maintain proper control of his vehicle;

    19.8. In operating his vehicle in a reckless manner;

    19.9. In failing to obey applicable traffic and safety rules, and

    19.10. Various other acts of negligence and negligence per se to be specified at

the time of trial.

20. Defendant Patriot Construction and Industrial, LLC was also directly negligent and negligent *per se* in the entrustment of its vehicle to Gary Roderick II.

21. At the time of the collision in question, Defendant Patriot Construction and Industrial, LLC was the owner of the commercial vehicle driven by the operator, Gary Roderick II. Defendant Patriot Construction and Industrial, LLC entrusted said vehicle to Defendant Gary Roderick II for the purpose of operating it on the public streets and highways, and Defendant Gary Roderick II operated said vehicle with the knowledge, consent, and permission of Defendant Patriot Construction and Industrial, LLC.

22. Upon information and belief, at all times material, Defendant Gary Roderick II was incompetent and unfit to safely operate the motor vehicle and Defendant Patriot Construction and Industrial, LLC knew, or in the exercise of due care should have known, that Gary Roderick II was an incompetent and unfit driver and would create an unreasonable risk of danger to persons or property on the public streets and highways.

23. Such entrustment constitutes negligence and negligence *per se* which was a proximate cause of Kia Laday's injuries and damages. Therefore, Kia Laday brings this action under general negligence and under negligent entrustment theories.

24. Defendant Patriot Construction and Industrial, LLC is also negligent in hiring an

incompetent or unfit employee and/or in failing to properly train, instruct, and supervise Defendant Gary Roderick II.

25. Upon information and belief, Defendant Patriot Construction and Industrial, LLC failed to act as a reasonably prudent employer in its hiring practices. Specifically upon information and belief, Defendant Patriot Construction and Industrial, LLC hired Defendant Roderick II despite evidence of Roderick II's incompetence in his driving record and employment history.

26. Upon information and belief, Defendant Patriot Construction and Industrial, LLC failed to provide the proper training and instruction to Defendant Gary Roderick II, which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit.

27. Upon information and belief, Defendant Patriot Construction and Industrial, LLC failed to institute corrective actions to known incompetencies and safety rule violations throughout the tenure of Defendant Roderick II's employment.

28. Upon information and belief, Defendant Patriot Construction and Industrial, LLC negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and Kia Laday's resulting injuries and damages.

29. Each of these acts and omissions, singularly, or in combination with others, constitutes negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

30. When viewed objectively from the standpoint of Defendants at the time of its

occurrence, Defendants' above-mentioned conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  In addition, each was actually and subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Therefore, Ms. Laday is entitled to punitive and/or exemplary damages.

### Respondeat Superior

31. Defendant Patriot Construction and Industrial, LLC is legally responsible to Kia Laday for the negligent conduct of Defendant Gary Roderick II under the legal doctrines of *respondeat superior*, agency, and/or ostensible agency because Defendant Gary Roderick II was at all times material hereto an agent, ostensible agent, servant, and/or employee of Patriot Construction and Industrial, LLC, and was acting within the course and scope of such agency or employment.  As a result thereof Defendant Patriot Construction and Industrial, LLC is liable for all negligence of Defendant Gary Roderick II.

### Damages

32. By virtue of the actions and conduct of the Defendants set forth above, Kia Laday was seriously injured. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

33. Because of the nature and severity of the injuries sustained, Kia Laday has suffered physical pain and mental anguish and, in reasonable probability, will

continue to suffer disfigurement, physical pain and mental anguish in the future.

34. Kia Laday has suffered and will continue to suffer disfigurement, physical impairment, limitation of activities and loss of enjoyment of life. Because of the action and conduct of the Defendants herein, Kia Laday has sustained very painful and disabling physical injuries.

35. Because of the nature and severity of the injuries sustained, Kia Laday has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

36. Kia Laday would additionally say and show that she is entitled to recovery of prejudgment interest in accordance with law and equity as part of her damages herein, and Kia Laday here and now sues for recovery of prejudgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

**Jury Demand**

37. Kia Laday hereby requests a trial by jury.

**Conclusion and Prayer**

38. Kia Laday request that Defendants, Gary Roderick II and Patriot Construction and Industrial, LLC, be cited to appear and answer, and that on final trial Kia

Laday, has: (1) judgment against Defendants, jointly and severally, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; and (4) such other and further relief, general and special, to which Kia Laday may show herself justly entitled at law and in equity.

Respectfully submitted,

**The Alfred Firm**

*/s/ Byron C. Alfred*

---

**Byron C. Alfred**
SBN: 24084507
FBN: 2217637
Byron@alfredfirm.com
**Johnny Alfred III**
SBN: 24087092
Johnny@alfredfirm.com
2211 Norfolk Street, Ste. 803
Houston, Texas 77098
Telephone: 713.470.9714
Facsimile: 877.751.7453
**Attorneys for Plaintiff**