IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KIA LADAY, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO.  1:22-CV-00261 |
| § | | JUDGE MICHAEL J. TRUNCALE |
| GARY RODERICK II AND PATRIOT § | | |
| CONSTRUCTION AND INDUSTRIAL, § | | |
| LLC, § | | |
| § | | |
| *Defendants*. § | | |

## ORDER AND OPINION GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Before the Court are Defendant Gary Roderick II's Motion to Dismiss for Lack of Jurisdiction [Dkt. 5] and Defendant Patriot Construction and Industrial, LLC's Motion to Dismiss for Lack of Jurisdiction [Dkt. 6]. Because the Court does not have personal jurisdiction over Defendant Gary Roderick II or Defendant Patriot Construction and Industrial, LLC, their Motions to Dismiss [Dkts. 5, 6] are hereby granted.

### I.    LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a defendant to seek dismissal of a case for lack of personal jurisdiction. "A federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (internal quotation marks omitted). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* The federal due process analysis looks to whether the defendant "purposefully established minimum contacts in the forum

State." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (citing *Asahi Metal Ind. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 108–09 (1987)). "The court is to consider the existence of personal jurisdiction on the basis of the facts as they existed at the time the complaint was filed." *Diebold Election Sys., Inc. v. AI Tech., Inc.*, 562 F. Supp. 2d 866, 872 (E.D. Tex. 2008) (citing *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 n.1 (5th Cir. 1990)).

Personal jurisdiction can be general or specific. General jurisdiction exists when a defendant's contacts with forum state are "continuous and systematic." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984)). "[A] court may exercise general jurisdiction over any action brought against a defendant, regardless of whether the action is related to the forum contacts." *Id.* Specific jurisdiction exists "in a suit arising out of or related to a defendant's contacts with the forum." *Id.* (citing *Helicopteros*, 466 U.S. at 414 & n.8). It is the plaintiff's burden to establish personal jurisdiction by prima facie evidence.

## II. DISCUSSION

This suit stems from a car accident that occurred in Louisiana; it is not related to the defendants' contacts with Texas. [Dkt. 1 at 2]. The undisputed question, therefore, is whether the Court may exercise general jurisdiction over Defendants Gary Roderick II and Patriot Construction and Industrial, LLC.

### A. *The Court may not exercise personal jurisdiction over Defendant Gary Roderick II.*

When the defendant is an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Mr. Roderick asserts that he is domiciled in Louisiana. [Dkt. 5 at 1]. After conducting jurisdictional discovery, Plaintiff Kia Laday concedes that she is "unable to substantiate the necessary contacts to establish personal jurisdiction in Texas over Defendant

2

Roderick II." [Dkt. 23 at 2]. Therefore, Ms. Laday has not met her burden of establishing personal jurisdiction as to Defendant Gary Roderick II.

**B.  *The Court may not exercise personal jurisdiction over Defendant Patriot Construction and Industrial, LLC.***

When determining the scope of general personal jurisdiction over a limited liability company ("LLC"), the Fifth Circuit conducts the same inquiry as it does for corporations. *See Frank v. P N K (Lakes Charles) L.L.C.*, 947 F.3d 331, 336–38 (5th Cir. 2020) (discussing the general jurisdiction standard for corporations and applying it to an LLC).[1] To properly exercise general jurisdiction, a defendant-company must essentially be "at home" in the forum state. *Id.* (citing *Goodyear*, 564 U.S. at 919; *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). Generally, two places constitute "home": (1) the company's state of incorporation, and (2) the company's principal place of business. *Id.* at 337. "Even though a corporation might operate 'in many places,' it cannot 'be deemed at home in all of them' because unpredictability would follow and jurisdictional rules are meant to 'promote greater predictability.'" *Id.* (quoting *Daimler*, 571 U.S. at 137, 139 n.20). It is the "exceptional case" where a company's operations in a forum are so substantial and of such as nature as to render it at home, that general jurisdiction exists there, even though it is not the company's state of incorporation or principal place of business. *Id.* at 338 (citing *Daimler*, 571 U.S. at 139 n.19). An inquiry solely focused on the magnitude of the defendant's in-state contacts is insufficient to establish general jurisdiction via this exceptional-case doctrine. *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1559 (2017) (citing *Daimler*, 571 U.S. at 139 n.19). Instead, "an appraisal of a corporation's activities in their entirety, nationwide and

---

[1] *See also Frank*, 947 F.3d at 337 n.10 ("Here, we are examining the corporate structure of a limited liability company whose physical corporate operations are domiciled in Louisiana. The rationale behind this test is to rely on a business's domicile or place of principal business as a guidepost in ascertaining where the business is 'at home.' Considering this premise, the entity type is not germane to this jurisdictional analysis; instead it is the company's domicile that merits attention.").

worldwide" is necessary. *Daimler*, 571 U.S. at 139 n.20. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*

Patriot asserts that it is an LLC organized under the laws of Delaware, with its principal place of business in Duson, Louisiana. [Dkt. 6 at 1]. Ms. Laday does not dispute this. Instead, she contends that this is one of those "exceptional cases" where general jurisdiction also exists elsewhere. [Dkt. 23 at 4]. To support this claim, Ms. Laday provides that Patriot: (1) is registered to conduct business in Texas; (2) maintained at least one Texas-based location at all times relevant to this matter; (3) has been a long-standing fixture in Southeast Texas and a member of the Beaumont, Texas and Port Arthur, Texas Chambers of Commerce for many years; (4) directly targets and advertises for work in Texas; (5) currently has multiple projects ongoing in Texas; and (6) has key personnel domiciled and working in Texas. [Dkt. 23 at 5]. She also emphasizes that Patriot has conducted over 223 projects in Texas over the past five years and that it has had hundreds of employees work in Texas. [Dkt. 23 at 7–9] But fatally, she does not appraise Patriot's activities in their entirety. *See Daimler*, 571 U.S. at 139 n.20. Her inquiry focused solely on the magnitude of Patriot's Texas contacts is insufficient to establish general jurisdiction via the exceptional-case doctrine. *See BNSF Ry. Co.*, 137 S. Ct. at 1559. Ms. Laday has therefore failed to establish prima facie evidence of personal jurisdiction over Defendant Patriot Construction and Industrial, LLC.

### III.   CONCLUSION

It is therefore **ORDERED** that Defendant Gary Roderick II's Motion to Dismiss for Lack of Jurisdiction [Dkt. 5] and Defendant Patriot Construction and Industrial, LLC's Motion to Dismiss for Lack of Jurisdiction [Dkt. 6] are hereby **GRANTED**.

It is further **ORDERED** that all of Plaintiff Kia Laday's causes of action in this matter are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of the Court is **INSTRUCTED** to close this case. All remaining deadlines and trial settings are **TERMINATED**. All relief not previously granted is hereby **DENIED AS MOOT**.

**SIGNED this 23rd day of February, 2023.**

                                                Michael J. Truncale
                                                United States District Judge